UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHNATHON F.,
Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,
Defendant.

CASE NO. 3:25-cv-05941-DGE

REFERRAL TO THE WASHINGTON STATE BAR ASSOCIATION

This matter is before the Court on Chief Judge David Estudillo's Order on Referral Under Local Civil Rule 83.3 ("Referral Order"). Dkt. No. 17. Having considered the Referral Order, the response to the Referral Order from Plaintiff's Counsel David Oliver (Dkt. No. 18), and the relevant record, the undersigned concludes the grievance is more appropriately addressed by the Washington State Bar Association.

Mr. Oliver filed a response to the Referral Order requesting the opportunity to come to the undersigned's chambers to discuss how to resolve the concerns of the court as expressed in the Referral Order. Dkt. No. 18 at 1. The undersigned does not believe that is appropriate and

declines the request. Pursuant to Local Civil Rule 83.3, "[i]f . . . the Chief Judge or the assigned judge determines that the grievance would be more appropriately addressed by the Washington State Bar Association or other governing authority . . . , the Chief Judge and the judge who referred the grievance may refer the matter to another authority . . . ." LCR 83.3(c)(5)(B). If the Chief Judge initiates the grievance, he must refer it to another judge. *Id.* As Chief Judge Estudillo initiated the grievance against Oliver, the undersigned (as the next most senior active judge in this District) has also reviewed the Referral Order and the record in this case.

Mr. Oliver notes in his response that he has admitted his fault in the matter to his client and reached a resolution the client found acceptable. Dkt. No. 18 at 1. Mr. Oliver also states that the two late filings cited in the Referral Order that resulted in his clients' claims being dismissed on statute-of-limitations grounds (i.e., the instant case and *Laube v. Commissioner of Social Security*, Case No. C25-201-LK) were both caused by the same paralegal, who is no longer working in his office. *Id.* at 2. Mr. Oliver states he has since developed what he believes to be a robust system for ensuring that such a lapse does not occur again. *Id.*

Mr. Oliver's representations provide little comfort to the Court, as this case and the *Laube* case are not the only two cases in which Mr. Oliver has missed the statutory deadline to file a social security complaint on behalf of a client. Back in September 2024, Mr. Oliver had yet another client's case dismissed for missing the statutory filing deadline without providing any basis to apply equitable tolling. *See Evans J. S. v. Comm'r of Soc. Sec.*, No. C24-5315-RSM, 2024 WL 4202162, at *2 (W.D. Wash. Sept. 16, 2024). On that occasion, Mr. Oliver blamed "a new secretary in the office [who] incorrectly calculated the statute of limitations." *Id.* (quoting Mr. Oliver's response to the motion to dismiss). Mr. Oliver clearly did not put into place effective corrective measures back in 2024 as he thereafter missed the statutory deadline for *Laube* in 2025. There, in a motion asking the court to accept the late-filed complaint, Mr. Oliver

represented that "Internal measures have been taken in order to avoid such a situation happening again." *Laube*, 2025 WL 3443098, at *1 (W.D. Wash. Dec. 1, 2025) (quoting motion at 1). But such measures were either never implemented or simply deficient.

Finally, Mr. Oliver states that he believes that his "administrative practice has been performed to the highest standards, and [he] trust[s] the administrative law judges in the Tacoma and Seattle Hearing Offices would confirm this claim." Dkt. No. 18 at 2. The Court certainly hopes that his administrative practice has been performed to the highest standards during the administrative process. It may be that his administrative practice is strong, and this may certainly be raised before the Washington State Bar. But Mr. Oliver's appeals of the adverse decisions received by his clients in the administrative process to the federal courts in this District have garnered numerous warnings. In fact, the undersigned cautioned Mr. Oliver about this in a September 2025 order:

> The Court . . . observes that Plaintiff's counsel has already been admonished on numerous occasions by several other judges in this district for similar failures of diligence that have risked prejudicing his clients. *See, e.g.*, *Janeen D. v. Comm'r of Soc. Sec.*, No. C20-5876-RSM, 2021 WL 2411619, at *1 n.1 (W.D. Wash. June 14, 2021) (Plaintiff's counsel "risk[ed] prejudicing his client by waiving an issue not adequately raised in his opening brief."); *Toni M. v. Comm'r of Soc. Sec.*, No. C20-5856-RSM, 2021 WL 1625251, at *1 n.1, n.3 (W.D. Wash. Apr. 27, 2021) (counsel's failure to cite to the record "raised the specter of prejudicing his client"; misstatement of legal standard as requiring ALJ give only "germane" reasons for rejecting claimant's symptom testimony demonstrated "inadequate level of diligence"); *Rebecca V. v. Comm'r of Soc. Sec.*, No. C20-5790-RSM, 2021 WL 1140657, at *2 n.1 (W.D. Wash. Mar. 25, 2021) ("Plaintiff's counsel is reminded to provide citations to the record to support factual assertions."); *Theresa R. v. Comm'r of Soc. Sec.*, No. C20-5705-RAJ, 2021 WL 913039, at *1 n.1 (W.D. Wash. Mar. 10, 2021) (failure of diligence where counsel lowered legal standard to "germane" against client's interest); *Scott D. v. Comm'r of Soc. Sec.*, No. C20-5354-RAJ, 2021 WL 71679, at *1 n.1 (W.D. Wash. Jan. 8, 2021) (same); *Melissa D. v. Comm'r of Soc. Sec.*, No. C20-5236-RSM, 2020 WL 7418078, at *1 n.1 (W.D. Wash. Dec. 18, 2020) (same, over four months before same admonition in *Toni M.*); *Bradley S. v.*

> *Comm'r of Soc. Sec.*, No. C20-5328-RAJ, 2020 WL 7041552, at *3 (W.D. Wash. Dec. 1, 2020) (where headings referred to one doctor but text discussed another, unmade arguments related to first doctor's testimony were waived; counsel reminded of duty of diligence). Even when not admonishing Plaintiff's counsel directly, judges have frequently noted the waiver of arguments that he briefed inadequately or raised too late. *See, e.g.*, *Dong Ok K. v. Comm'r of Soc. Sec.*, No. C20-5791-RAJ, 2021 WL 1221104, at *2 (W.D. Wash. Apr. 1, 2021); *Eric F. v. Comm'r of Soc. Sec.*, No. C20-0087-RAJ, 2020 WL 5653335, at *3 (W.D. Wash. Sept. 23, 2020); *Sarah P. v. Comm'r of Soc. Sec.*, No. C18-5575-RSM-MLP, 2019 WL 2108102, at *2 n.5 (W.D. Wash. Mar. 27, 2019) (arguments waived when raised for first time in reply), *report and recommendation adopted, and case dismissed with prejudice, sub nom. Palmer v. Comm'r of Soc. Sec.*, No. C18-5575-RSM, 2019 WL 2103272 (W.D. Wash. May 14, 2019). Some of counsel's lapses have cost his clients the opportunity to pursue their claims. *See, e.g., Evans J. S. v. Comm'r of Soc. Sec.*, No. C24-5315-RSM, 2024 WL 4202162, at *2 (W.D. Wash. Sept. 16, 2024) (appeal dismissed with prejudice because counsel missed statutory deadline and cited no authority supporting an exception); *Margaret T. v. Comm'r of Soc. Sec.*, No. C20-5340-RAJ, 2020 WL 7122850, at *1 (W.D. Wash. Dec. 4, 2020) (appeal dismissed with prejudice where counsel "failed to allege an actual error").

*Dianna H. v. Comm'r of Soc. Sec.*, No. C-24-5630-TL, 2025 WL 1355379, at *2 (W.D. Wash. May 9, 2025).

Given the continuing issues with Mr. Oliver's federal-court practice despite a number of admonitions to him, it is the judgment of the undersigned that the grievance set forth in the Referral Order will be more appropriately addressed by the Washington State Bar Association.

//

//

//

//

//

//

//

Accordingly, it is hereby ORDERED:

(1) The Clerk of Court is DIRECTED to refer this matter to the Washington State Bar Association ("WSBA") pursuant to LCR 83.3(c)(5)(B).

(2) The Clerk of Court is further DIRECTED to send to the WSBA Office of Disciplinary Counsel a copy of this Order, the Referral Order (Dkt. No. 17), the motion to dismiss briefing (Dkt. Nos. 9–12), the Order Granting Motion to Dismiss and the Order to Show Cause Why Counsel Should Not Be Referred to the Washington State Bar Association (Dkt. No. 14), the Response to the Order to Show Cause (Dkt. No. 16), and the Response to the Referral Order (Dkt. No. 18).

Dated this 27th day of October, 2026.

Tana Lin
United States District Judge for the
Western District of Washington

Pursuant to LCR 83.3(c)(5)(B), I join in the referral of this matter to the Washington State Bar Association.

Dated this 28th day of October, 2026.

David G. Estudillo
Chief United States District Judge for the
Western District of Washington